Per Curiam.
The Agricultural Bank brought this su)it on a note for $7935, payable in its own notes or issues. At the defendants, with a view to reduce the amount of recovery, offered evidence to prove that the notes of the bank were dejáis ciated at the time the note became due. The evidence eluded, and the defendants excepted. \
The rule is well settled by several previous decisions made by this court, that if a note be payable in the notes of a particular bank, the value of the notes at the time the debt became due is the measure of recovery. . These decisions have been made in cases between individuals. No such decision has been made when a bank has sued on a note made payable in its own issues. As between individuals, a recovery beyond the value of the notes will not be permitted, because it would operate unjustly, by compelling the party to pay more than he agreed to pay. But this is not the case where a bank is suing on a note payable in its own issues, because it is bound to take its own notes in payment even after judgment. The law makes it obligatory on it to do so, and thus establishes a rule of payment, and not a rule of recovery. As between individuals, the judgment must be paid in money, and hence the value of the thing agreed to be paid is estimated before the jury. The party then gets the value of what he contracted for. But when the bank *408 is party, if it can only recover the value of its own notes at the time the debt became due, it does not get that much, because the debt is afterwards payable in its notes, so that the bank would lose, and the defendant gain, the depreciation at the time of the maturity of the note, and also at the time of payment. As to banks, the statute substitutes a new rule, which accomplishes the ends of justice, but by a different method. The judgments, in effect, that the bank shall only recover its own notes, if the debtor chooses to pay in that way.
The judgment must be affirmed.